**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LALL RAMNAUTH, : | |
| : | Civil No. 12-599 (PGS) |
| Petitioner, : | |
| : | |
| v. : | |
| : | **OPINION** |
| STATE OF NEW JERSEY, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

>   LALL RAMNAUTH, Petitioner pro se
>   J-2011-03202
>   Essex County Correctional Facility
>   354 Doremus Avenue
>   Newark, New Jersey 07105

**SHERIDAN, District Judge**

This matter is before the Court on the petition of Lall Ramnauth ("Petitioner" or "Ramnauth") for habeas corpus relief under 28 U.S.C. § 2254, challenging his New Jersey state court conviction.[1] For the reasons set forth below, the Court will dismiss this petition for lack of subject matter jurisdiction because it is a second or successive habeas petition. See 28 U.S.C. § 2244(b).

---

[1] Petitioner submitted an application to proceed in forma pauperis, and it appears that he qualifies for indigent status.

I.   BACKGROUND

Petitioner is challenging a New Jersey state court conviction that was entered in the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 02-10-01261-I. Petitioner does not provide the date of his judgment of conviction, but does state that he was sentenced to an aggregate prison term of seven years subject to an 85% parole disqualifier. (Petition at ¶¶ 1, 2 and 3).  Petitioner states that he appealed his conviction before the Superior Court of New Jersey, Appellate Division, which was denied, and that his petition for certification before the Supreme Court of New Jersey also was denied.  However, he fails to provide the dates of these decisions or any information as to the grounds raised on appeal. (Pet., ¶ 9).

Petitioner also acknowledges that he sought habeas review of his conviction in an earlier action in the United States District Court for the District of New Jersey, which was denied, but he could not remember any specifics regarding his earlier habeas action.  (Petition at ¶ 11a).  He next states that he filed a state post-conviction relief petition, which was denied. Petitioner appealed the decision denying his state PCR petition, and his appeal was denied.  He again provides no dates regarding his state collateral review proceedings, nor does he indicate the grounds he raised on state PCR review.  (Pet., ¶¶ 11b and 11c).

2

The § 2254 habeas petition suggests that Ramnauth's state PCR petition was filed after his first § 2254 habeas petition.

This Court takes judicial notice of Ramnauth's earlier § 2254 habeas action, <u>Ramnauth v. State of New Jersey</u>, Civil No. 05-5504 (WJM). That action was initially filed on or about November 21, 2005 and was denied for lack of substantive merit by Opinion and Order entered on December 27, 2006. See <u>Ramnauth v. State of New Jersey</u>, Civil No. 05-5504 (WJM)(Docket entry nos. 8 and 9). In the District Court's December 27, 2006 Opinion, the following procedural history was recited as follows:

> Petitioner was convicted pursuant to a jury verdict in the Superior Court of New Jersey, Law Division, Middlesex County, of second-degree aggravated assault, <u>N.J.S.A.</u> 2C:12-1b(1), and third-degree possession of a weapon for unlawful purposes, <u>N.J.S.A.</u> 2C:39-4d. On the aggravated assault conviction, Petitioner was sentenced to prison for a term of seven years with an eighty-five percent parole disqualifier pursuant to the No Early Release Act ("NERA"), <u>N.J.S.A.</u> 2C:43-7.2d, and to a concurrent term of four years on the weapon conviction.
>
> On March, 2005, the Superior Court of New Jersey, Appellate Division, affirmed the conviction. On May 25, 2005, the Supreme Court of New Jersey denied certification.

(<u>Ramnauth v. State of New Jersey</u>, Civil No. 05-5504 (WJM), December 27, 2006 Opinion at pg. 3, Docket entry no. 8).

Ramnauth raised the following claims for relief in his first habeas action: (1) the introduction of hearsay testimony at trial deprived him of his Sixth Amendment right to confront witnesses against him; (2) there was insufficient evidence to sustain his weapon conviction and the State failed to prove every element of

3

the weapon offense; (3) prosecutorial misconduct in withholding exculpatory evidence from the grand jury and for use of inflammatory language during summation at trial; (4) denial of a fair trial due to faulty jury instruction regarding the lesser included offenses and a faulty jury verdict form; and (5) sentencing violations.  (Ramnauth v. State of New Jersey, Civil No. 05-5504 (WJM), December 27, 2006 Opinion at pp. 6-29, Docket entry no. 8).  All of these claims were reviewed and denied for lack of substantive merit.  (Id.).

It would appear that sometime after Petitioner's first § 2254 petition was denied, Ramnauth filed a timely state PCR petition.  In his state PCR petition, Ramnauth raised the following claims of ineffective assistance of trial counsel: (A) counsel operated under an impermissible conflict of interest because he represented, in previous matters, members of the victim's immediate family; (B) counsel failed to investigate and impeach the State's proofs and investigate and obtain exculpatory witnesses and evidence on Ramnauth's behalf for trial; (C) counsel failed to sufficiently meet and discuss the case with Ramnauth, and interfered with Petitioner's right to testify at trial by erroneously advising Petitioner not to testify due to prior criminal history even after this history was revealed to the jury during trial; and (D) counsel failed to assess and advise Petitioner about immigration consequences.  See State v.

4

Ramnauth, 2010 WL 2990757, *1, 2 (N.J. Super. A.D. July 26, 2010).  The state PCR court denied Ramnauth's petition and he appealed to the Appellate Division.  In an unpublished per curiam opinion, filed on July 26, 2010, the Appellate Division found Petitioner's claims to be without merit and affirmed the trial court's decision denying the state PCR petition.  Id.

Ramnauth attaches a copy of the Order of the Supreme Court of New Jersey denying his petition for certification on appeal from denial of his state PCR petition, dated February 3, 2011.

Thereafter, Ramnauth filed this second action on or about January 25, 2012, challenging the very same conviction.  He raises grounds of ineffective assistance of trial counsel and conflict of interest in representation, and refers to these claims as having been exhausted in his state PCR petition.  (Petition at ¶ 12).  As stated above, Ramnauth admits that he filed an earlier habeas action in the United States District Court.  Petitioner, however, does not state whether he first sought permission from the United States Court of Appeals for the Third Circuit to file a second or successive habeas petition, which he otherwise would be required to do under 28 U.S.C. § 2244(b)(3)(A).

5

II.  ANALYSIS

A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

6

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

B.   Petitioner's Claims for Habeas Relief

This habeas action admittedly is not Ramnauth's first § 2254 habeas petition.  Federal law imposes strict limitations on a United States District Court's consideration of "second or successive" habeas petitions.[2]  28 U.S.C. § 2244(b)(1)-(3).  In this case, Ramnauth raises grounds of ineffective assistance of counsel that were not raised in his first § 2254 habeas petition.

---

[2]  The term "second or successive" is not defined in the statute, but it is well settled that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time."  Panetti v. Quarterman, 551 U.S. 930, 944 (2007).  The term has been the subject of substantial recent discussion in Supreme Court decisions.  See, e.g., Panetti v. Quarterman, 551 U.S. 930 (2007)(creating an exception for a second application raising a claim that would have been unripe had the petitioner presented it in his first application); Stewart v. Martinez-Villareal, 523 U.S. 637 (1998)(treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature); Slack v. McDaniel, 529 U.S. 473 (2000) (declining to apply the bar of § 2244(b) to a second application where the first application was dismissed for lack of exhaustion).

Under 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in an earlier § 2254 petition must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2)(A), (B).

Thus, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Moreover, under § 2244(b)(3), before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. See Gonzalez v. Crosby, 545 U.S. 524, 529-530 (2005).

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, in this case, the United States Court of Appeals for the Third Circuit, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice,

8

transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

This Court finds that this Petition is a "second or successive" petition over which it lacks jurisdiction, pursuant to 28 U.S.C. § 2244(b)(2).[3] This Court further finds that it is not in the interests of justice to transfer this action to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, for determination as to whether the second or successive petition satisfies the requirements under 28 U.S.C. § 2244(b)(2), because at the time he filed this second habeas action, it appears that Petitioner was not "in custody" pursuant to the state court judgment being challenged. See 28 U.S.C. § 2254(a).

Section 2254(a) provides:

---

[3] Because this Petition is "second or successive" there is no need to give the notice otherwise required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Indeed, this Court notes that the District Court advised Ramnauth of his rights under Mason by Order issued to Petitioner on January 3, 2006 in his first federal habeas action. (Ramnauth v. State of New Jersey, Civil No. 05-5504 (WJM), Docket entry no. 2). Consequently, Petitioner was no notice of the requirement to marshal all of his claims in one, all-inclusive habeas petition.

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be *in custody* under the conviction he is attacking when the petition is *filed*, in order for this Court to have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed.  Indeed, the Supreme Court held that its decision in Carafas v. LaVallee, 391 U.S. 234 (1968) "strongly implies the contrary."  Maleng, 490 U.S. at 491.  In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied.  Maleng, 490 U.S. at 491 (*citing* Carafas, 391 U.S. at 238).  The Court ultimately found the "in custody" requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed.  Maleng, 490 U.S. at 492 (*citing* Carafas, 391 U.S. at 238).  Thus, the clear implication of the

10

Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[4]  Maleng, 490 U.S. at 492.

Here, it is evident that the state court conviction challenged by Ramnauth had fully expired before he filed this second § 2254 habeas petition.  He was sentenced to a seven-year prison term, subject to an 85% parole disqualifier, on October 10, 2003.  Consequently, his full seven-year prison term would have been satisfied on or about October 10, 2010.  Ramnauth did not file habeas petition until January 25, 2012, almost fifteen months later.  Furthermore, it was filed while Petitioner was in custody pursuant to final order of removal issued by an Immigration Judge.  Thus, it would appear that Ramnauth also may not be entitled to relief under § 2254 because he was not "in custody" pursuant to the state court judgment of conviction being challenged in his habeas petition.  Accordingly, the Petition should be dismissed for lack of jurisdiction.

---

[4] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. See St. Pierre v. United States, 319 U.S. 41 (1943).

11

III.  CONCLUSION

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to petitioner bringing an application before the United States Court of Appeals for the Third Circuit for leave to file a second or successive § 2554 habeas petition, pursuant to 28 U.S.C. § 2244(b)(3).  Further, Petitioner's application for appointment of counsel (Docket entry no. 1-2) is denied as moot.  An appropriate order follows.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

Dated: September 27, 2012